UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
|   PAUL DAVID ROBERTS : | |
|   CLAUDIA ANNE ROBERTS : | CHAPTER 13 |
|     Debtor : | |
| : | |
| JACK N. ZAHAROPOULOS : | |
| STANDING CHAPTER 13 TRUSTEE : | CASE NO. 5-25-bk-00281 |
|     Movant : | |
| : | |
| PAUL DAVID ROBERTS : | |
| CLAUDIA ANNE ROBERTS : | |
|     Respondent : | |

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 10th day of March 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. §1322(a)(1) and §1325(b) in that the Debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and therefore avers that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

   a. Line 46 should provide for an increase in income from that reported on Line 2 (for Debtor #2).

Trustee alleges and therefore avers that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

   a. Debtor #2's income is $7,207.00 per month.

2. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Means Test (once means test is corrected).

3. Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

   a. The Plan is underfunded relative to claims to be paid.
   b. Secured claim(s) is not in the Plan, specifically, Claim 9.

4. Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:

   a. Debtor(s) has not provided to Trustee pay stubs for the month(s) of January and February 2025 for both Debtors.

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of Debtor(s)' Plan.
   b. Dismiss or convert Debtor(s)' case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

       AND NOW, this 10th day of March 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

PAUL MURPHY-AHLES ESQUIRE
DETHLEFS, PYKOSH & MURPHY
2132 MARKET STREET
CAMP HILL, PA   17011-

                                               /s/Tammy Life
                                               Office of Jack N. Zaharopoulos
                                               Standing Chapter 13 Trustee